By the Court.
This is an action in mandamus in which the relator asks this court to issue its order requiring the Industrial Commission to pay to the relator, in installments, a total sum of $3,250 to cover an additional award which relator claims the Commission should make in favor of relator as a penalty of 50 per cent, of a former allowance made to relator by reason of the death of the husband of relator, as a result of an accident occurring to him while he was engaged in the course of his employment, and by reason of the further fact that the employer of the deceased husband had violated a specific requirement promulgated by the Industrial Commission, as set forth in Section 71 of the Code for Specific Requirements of the Commission, for the safety of employees. Dates are not material here, and all dates will be omitted.
*510 The relator’s husband, Charles Pozzi, was employed by a general contractor, who had undertaken to construct sanitary and storm water sewers for the city of New Philadelphia, in the public streets of that municipality. The work was in no wise connected with any building construction work on any property abutting upon the street. Pozzi was killed by a cave-in of the ditch in which the sewer was to be laid. The cave-in was caused, as alleged, by a failure on the part of the contractor to brace the sides of the ditch. The employer was covered by the Workmen’s Compensation Law. Application was made to the Commission for an allowance to the relator covering the death of Pozzi. The Commission duly made such an allowance, and that allowance is now being paid according to its provisions, and there exists no dispute between the relator and the Commission as to the original allowance. Later the relator made claim for an additional allowance based on an alleged violation of a specific requirement made by the Commission for the safety of employees. The Commission heard that claim and allowed the 50 per cent, penalty, amounting to $3,250. Later, the Commission became convinced that the allowance of this penalty was not warranted, and thereupon the Commission revoked and rescinded its action in allowing the penalty, and in' so doing found as a fact that the employer had not violated any specific order for the safety of employees, promulgated by the Commission, for the reason that Pozzi at the time he met with the accident was not engaged in an employment covered by Section 71 of the Code of Specific Requirements established *511 by the Commission, which section reads as follows:
“Excavations for foundations, pipe trenches and other excavations incidental to building construction shall be protected by substantial bracing, shoring or sheet piling. Such protection to be consistent with the magnitude of the work, and the character of the soil or material in which the excavation is made. Where excavations are made near highways, railroads or other places where exceptional hazards exist due to vibration, additional precaution shall be taken.”
The second defense of the answer sets up the foregoing facts. Relator demurs to this second, defense on the ground that it does not state a defense. The sole question is whether Pozzi was engaged in work covered by and embraced in the terms of Section 71, above quoted. This court is unanimously of the opinion that the language of the section is too plain and definite to need any construction. It is only necessary to read the section, giving to the terms employed their plain and self-evident meaning. Before there can be a violation of a specific requirement, there must exist a specific requirement, and, when a requirement is definite as to the kind and character of work intended to be embraced and covered, the stated limitation of the requirement must be enforced. It is quite unavailing to urge that the specifications should have been made sufficient in scope to cover a case which they do not cover. To concede that the specific requirement might well have been broader in scope will not enlarge the actual scope. It is plain that the foregoing specific requirement in this case did not cover the bracing *512 of sewer ditches in the public streets, in no way connected with any building construction on any property abutting upon the street.
The demurrer to the second defense of the answer will be overruled.

Demurrer overruled.

Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.